UNITED STATES of America,
Plaintiff—Appellee,

v.

Harry L. WIECK, Defendant—
Appellant.

No. 01–10526.

D.C. No. CR–99–00293–DFL.

United States Court of Appeals,
Ninth Circuit.

Submitted July 12, 2002 *.

Decided July 25, 2002.

Before CANBY and RYMER, Circuit Judges, and BERTELSMAN,** District Judge.

MEMORANDUM ***

Harry Wieck appeals his jury conviction alleging that the trial judge failed to adequately inquire into a third party's post-trial allegations that Wieck's trial counsel had a potential conflict of interest during the trial and that the trial judge failed to adequately inquire whether the alleged conflict affected Wieck's defense prior to sentencing. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Wieck did not object prior to sentencing to the trial judge's alleged failure to adequately inquire into the allegations that Wieck's trial counsel had a potential conflict of interest. Therefore, we review this matter for plain error. *United States v. Buckland,* 289 F.3d 558 (9th Cir.2002) (en banc).

Wieck argues that the trial court was required to initiate an inquiry once it knew that a potential conflict existed. A review of the record illustrates that the trial judge did make an inquiry into the alleged conflict and Wieck's new counsel wanted to proceed with sentencing. He made no objections based on the alleged conflict. If Wieck thought his counsel did not adequately represent him during the sentencing phase, he should have complained to the trial court but failed to do so. In absence of such a complaint and in light of the adequate inquiry made by the trial court, this Court cannot say that it was plain error for the trial court to proceed with sentencing nor that the trial court had a sua sponte duty for further inquiry into the matter.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable William O. Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.